IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DARRELL DEAN SHARP,<br><br>Plaintiff,<br><br>vs.<br><br>SALMONSEN, et al.,<br><br>Defendants. | CV-26-53-BU-DLC<br><br>ORDER |

Plaintiff Darrell Dean Sharp filed a civil rights Complaint related to his prosecution in state court. (Doc. 2.) Sharp's Complaint fails to state a claim, and the Court must abstain from hearing his claims. Sharp's Complaint is dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Sharp is an inmate at Montana State Prison ("M.S.P."), in Deer Lodge, Montana. (Doc. 2 at 2.) He is proceeding without counsel. He names, as defendants, M.S.P. Warden Jim Salmonsen, Jeff Crowe, Department of Corrections Investigator at M.S.P., Patrick Moody, Assistant Attorney General, and Justices Ray Dayton and Dahood, Third Judicial District Court. (Doc. 2 at 2 – 3.)

### B. Allegations

Sharp cites the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments as the basis of his claims. (Doc. 2.) Sharp's claims arise from his conviction in state court that he characterizes as "twice in the same court, same evidence," which he construes as a violation of the Constitution's double jeopardy clause. (Doc. 2 at 4.) Sharp alleges he has been subject to malicious and vindictive prosecution. *Id.*

Sharp was convicted in October, 2022, in DC 20-40, Powell County District Court, Montana.[1] He appealed his conviction on the basis that he was not allowed to represent himself, in violation of the Sixth Amendment to the U.S. Constitution and the Montana Constitution, and because he was shackled throughout his proceedings. (Doc. 2 at 5.) On appeal, the State conceded that Sharp should have been allowed to represent himself, and that his conviction should be reversed. As a result, the Supreme Court remanded Sharp's case with directions to reverse his conviction and vacate the sentence and judgment. *State v. Sharp*, No. DA 22-0717, Order (Mont. Nov. 7, 2024). Sharp was subsequently retried, which caused him to file habeas petitions on a claim of double jeopardy, and this second trial is the basis

[1] The Court takes judicial notice of the Montana Supreme Court's records as context for Sharp's allegations in his Complaint. Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to dispute if they are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

of his double jeopardy claim here. (Doc. 2 at 5.) *See also Sharp v. McNeil*, No. OP 25-0199, 2025 WL 1013969 (Mont. Apr. 1, 2025).

Sharp also refers to "criminalized free speech, 1st Am. 4th A. illegal seizure of mailings, legal mail." Presumably this refers to the underlying charge in Sharp's criminal case, attempted intimidation, which related to letters Sharp wrote from prison and which were responded to by people other than the addressees. (The details of these communications are explained in Sharp's Opening Brief on appeal in *State v. Sharp*, No. DA 22-0717.)

Sharp also refers to falling out of his bunk and breaking ribs, but there are no additional facts to provide context for those allegations. (Doc. 2 at 5.)

Sharp seeks various forms of monetary damages. (Doc. 2 at 5.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Sharp is an inmate proceeding in forma pauperis against governmental defendants, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915A(b) requires the Court to dismiss such a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint fails to state a claim "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf*. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**III. ANALYSIS**

For the following reasons, Sharp's Complaint fails to state a claim, and the Court is precluded from hearing it.

**A. *Heck* Bar**

The first major obstacle to Sharp's Complaint is the so-called *Heck* bar. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus....A claim for damages bearing that relationship to a conviction or sentence that has not been so

> invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed....

*Id.* at 486-87. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Thus, Sharp cannot pursue damages for his claim of "malicious or vindictive prosecution" until or unless his conviction is invalidated.

To the extent Sharp's claim arises from his original trial, i.e., the conviction that was, in fact, reversed, he has failed to allege facts to state such a claim. The conviction was invalidated on the basis of a structural error in the trial—Sharp's inability to represent himself—and not on any grounds related to the sufficiency of the evidence or the nature of the claim. Accordingly, no aspect of the prosecution itself has been invalidated. In fact, it has been affirmed by the second trial.

(Sharp appears convinced that a second trial, without more, is a violation of his right not to suffer double jeopardy. The double jeopardy clause of the Fifth Amendment

> "embodies two vitally important interests. The first is the deeply ingrained principle that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. The second interest is the preservation of the finality of judgments."

*Yeager v. United States*, 557 U.S. 110, 117–18 (2009) (internal citations and quotations omitted.) The fundamental principle is that a prosecutor should not be able to keep retrying a person who has been acquitted by a jury. In this instance, Sharp was not acquitted in the first place. But he also, as explained below, has the opportunity to raise this issue in his state criminal proceeding, so it is not for this Court to decide such a fact-intensive inquiry on the basis of his § 1983 Complaint.)

**B. *Younger* Abstention**

There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*,

125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). In this case, Sharp has a pending appeal before the Montana Supreme Court from the conviction at issue. *State v. Sharp*, No. DA 25-0488, filed July 10, 2025. The Court must abstain from hearing Sharp's claims related to his prosecution.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, Sharp's allegations all relate to ongoing criminal proceedings against him. State criminal enforcement actions implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana has a significant

state interest in enforcing the criminal laws of Montana. This Court may not interfere with those interests when the process is ongoing.

Second, Sharp will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the "even more vital consideration" of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023). Sharp has opportunities within his ongoing criminal proceedings in Montana courts to address any alleged violations of his federal rights.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Sharp's claims would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. This Court's theoretical conclusion that there were flaws in the prosecution of

Sharp would interfere with the Montana court's ability to resolve those issues in his prosecution.

If all four prongs of the *Younger* test are satisfied, as here, then the Court must abstain from adjudicating Sharp's claims.

**C. Immunity**

Three of the defendants named by Sharp, Defendants Moody, Dayton, and Dahood, are immune from Sharp's suit. Judges and judicial staff are all immune from suit under § 1983 for actions taken within the scope of their employment. Sharp cannot state claims against Judges Dayton and Dahood under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Sharp does not allege any facts whatsoever regarding the conduct of these judges, including no facts to show any of their conduct was outside the scope of their duties as judges. Ruling on Sharp's case, one way or the other, is at the heart of a judge's duties. Sharp has failed to state a claim that would avoid Judge Dayton's and Judge Dahood's immunity.

Likewise, Defendant Moody is immune from suit. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500

U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012). Again, Sharp has alleged no facts regarding the individual conduct of Defendant Moody. There are no facts to state a plausible claim, much less one that falls outside of Moody's immunity.

**D. Statute of Limitations**

Sharp has alleged no facts regarding Defendant Crowe, other than to state that Sharp's encounter with Crowe was the beginning of his claim. (Doc. 2 at 4.) Crowe's investigation is what led to the filing of charges in 2020, as explained in Sharp's appeal brief. *State v. Sharp*, No. DA 22-0717, App.'s Op. Br., (Mont. May 21, 2024), at 15. Sharp fails to state a claim against Crowe, because he does not allege facts to show Crowe violated his rights; he alleges no facts whatsoever about Crowe's conduct. But even if he had, the statute of limitations would have expired

on any claim. Section 1983 contains no statute of limitations, so federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1). Thus, any claim against Crowe that arose before or in 2020 is barred.

**E. Failure to State a Claim against Salmonsen**

Sharp has alleged no facts regarding the conduct of Defendant Salmonsen, and therefore fails to state a claim against him. In addition, the gravamen of Sharp’s Complaint relates entirely to the prosecution of him in state court, making the possibility that he could amend his claim against Salmonsen unlikely.

**IV. CONCLUSION**

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Sharp*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if “it determines that the pleading could not possibly be cured by the allegation of other facts.” *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court concludes that amendment in this matter would be futile. Therefore, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. Sharp's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

2. The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Sharp within the meaning of 28 U.S.C. § 1915.

DATED this 17th day of August, 2026.

Dana L. Christensen, District Judge
United States District Court